



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 29, 1939

Honorable Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-848
Re: Validity of Austin City
Ordinance Regulating so-
licitation of advertis-
ing, subscriptions and
gifts, and requiring a
permit to be issued by
City Manager as condi-
tion precedent to right
to engage in such ac-
tivities.

We have your request for the opinion of this de-
partment upon the validity of an ordinance of the City of
Austin regulating the solicitation of advertising, sub-
scriptions, and gifts, and requiring that a permit be se-
cured from the City Manager as condition precedent to the
right to engage in such activities in Austin.

Section 1 of the orginance referred to makes it
unlawful for any person to solicit advertising, to sell or
offer to sell subscription contracts for any magazine, book,
periodical or newspaper; to solicit funds or attempt to raise
contributions for any purpose over any telephone; to solicit
or accept alms or gifts; to promote or participate in any en-
tertainment, fair, or bazaar in the name of charity, partriot-
ism, or philanthropy; and to hold a rummage sale, or sell or
offer for sale any property given for sale for charity, pa-
triotism, or philanthropy, within the City of Austin without
first having made application and obtained a permit from the
City Manager, as provided in the ordinance. Section 3 of
the ordinance provides for the forms upon which applications
are to be made to the City Manager. Said section details at
length the information to be contained in each type of appli-
cation.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 4 of the ordinance provides, in part, as follows:

". . .Within not more than ten days after the making and filing of any such application, the City Manager shall issue the proper permits to the applicant, or shall refuse such applicant a permit for the activity covered by such application."

Subdivision (b) of Section 4 provides as follows:

"(b) An advisory and Investigation Committee of nine members to serve without compensation is hereby created, to be appointed by the City Council, said nine members to be citizens of the City of Austin not employees of the City. Said Committee shall be authorized to make investigations at the request of the City Manager in connection with any application made under the provisions of this Ordinance and shall report its findings to the City Manager, upon which recommendation or report the City Manager may grant or refuse a permit; provided, that if the City Manager shall refuse a permit, the person applying for same shall have the right to appeal to the City Council of the City of Austin, and on such Appeal the City Council shall, as soon as practicable, hear and determine such appeal and the decision of the City Council thereon shall be final."

Subdivision (d) of Section 5 of the ordinance provides, in part, as follows:

". . .any such permit may be revoked at any time by the City Manager, .c. ."

Section 6 of the ordinance provides that anyone guilty of violating any provision of the ordinance shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine not to exceed $200.00.



In view of the fact that by virtue of the concurrent jurisdiction of the justice courts, and the appellate jurisdiction of the county courts, ever cases arising under this ordinance, you, in your official position as County Attorney, may be called upon to prosecute persons for alleged violations of the ordinance, we believe your inquiry to be a proper subject for an opinion from this department, under the provisions of Article 4399, of the Revised Civil Statutes of Texas.

It will be observed that this ordinance provides no rules or standards governing the City Manager in approving or disapproving applications made under it. It is further observed that the ordinance provides no rule or standard by virtue of which the action of the City Manager in revoking permits issued under the ordinance is controlled or governed.

The language used by the court in the case of Baltimore vs. Radecke, 49 Md. 217, is applicable:

"It lays down no rules by which its impartial execution can be secured or partiality and oppression prevented. . . .When we remember that this action or non-action may proceed from enmity or prejudice, from partisan zeal or animosity, from favoritism and other improper influences and motives easy of concealment, and difficult to be detected and exposed, it becomes unnecessary to suggest or comment upon the injustice capable of being wrought under cover of such a power, for that becomes apparent to every one who gives to the subject a moment's consideration."

The opinion of the Supreme Court of the State of Texas in the case of Spann vs. City of Dallas, 235 S. W. 513, is directly in point. In that case, there was involved a city ordinance of the City of Dallas, Texas, prohibiting construction of any business house in residential districts except with the consent of three-fourths of the property owners of the district created by the ordinance, and upon approval by the city building inspector of the design of the building to be erected.



In holding such an ordinance to be unconstitutional, Chief Justice Phillips said:

"A further vice in the ordinance is that even with the necessary consent of the property owners of the district a business may not be erected within it except upon the building inspector's approval of the design of the building. No rule or standard is given to govern the applicant in fashioning the design of his building, or to govern the inspector in approving or rejecting it. The ordinance leaves it to the unbridled discretion of the inspector to disapprove the design, resulting in a refusal of the permit and the prohibition of the building. This leaves the right to construct the building subject to the arbitrary discretion of the inspector, and of itself renders the ordinance void. The very essence of American constitutions is that the material rights of no man shall be subject to the mere will of another. Yick Wo vs. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220."

It follows that the ordinance of the City of Austin, above referred to, is unconstitutional and invalid in its entirety, and there is, therefore, no occasion at this time to render an opinion upon the question of whether the ordinance involves in other respects an unconstitutional interference with the freedom of the press.

For a further discussion of a matter somewhat similar to this, see our opinion rendered to Honorable W. Lee O'Daniel, under date of April 17, 1939, concerning the constitutionality of House Bill No. 194.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard W. Fairchild
Assistant

RWF:FW
(APPROVED
Opinion Committee
By RWF, Chairman)



Honorable Paul T. Holt, May 29, 1939, Page 5

APPROVED:

(SIGNED)  GERALD C. MANN
ATTORNEY GENERAL OF TEXAS